NOT FOR PUBLICATION (Docket No. 23)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                        :
MARYANN COTTRELL and                    :
                                        :
RICHARD HOLLAND,                        :
                                        :
            Plaintiffs,                 :    Civil No. 09-1743 (RBK/JS)
                                        :
      v.                                :    **OPINION**
                                        :
HERITAGES DAIRY STORES, INC.,           :
et al.,                                 :
                                        :
            Defendants.                 :
_____     :

**KUGLER**, United States District Judge:

This matter comes before the Court on a motion by Defendants to dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). The Complaint brings claims under the Americans with Disabilities Act ("ADA"), the New Jersey Law Against Discrimination ("NJLAD"), the Civil Rights Act and the New Jersey Civil Rights Act ("NJCRA"). For the reasons expressed below, the Court will grant Defendants' motion to dismiss.[1]

---

[1] This Court will dismiss Plaintiffs' claims under the NJCRA and the Civil Rights Act. In order to state a claim under the NJCRA, a plaintiff must "prove that [the defendants] are state actors." See N.J. Stat. Ann. § 10:6-2(c); Wilson v. Cnty. of Gloucester, 256 F.R.D. 479, 488 n.13 (D.N.J. 2009) ("Under both § 1983 and the New Jersey Civil Rights Act, plaintiffs must also prove that Defendants are state actors."). Because Plaintiffs have not alleged that Defendants are state actors, Plaintiffs NJCRA claim is dismissed. Furthermore, Plaintiffs' claim of

1

**I.     BACKGROUND**

Mr. Richard Holland and Ms. Maryann Cottrell are advocates for disabled persons. Although neither Holland nor Cottrell are themselves disabled, Cottrell's daughter is severely disabled, and as a result of her daughter's disability, Cottrell is permitted to park her vehicle in parking spaces reserved for disabled persons.

To further the rights of disabled persons, Holland and Cottrell actively observe commercial establishments to ensure that local business owners comply with laws and ordinances designed to protect handicapped persons. When local businesses fail to meet their statutory obligations, Cottrell "informs the proper authorities/agencies," (Am. Compl. ¶ 12.), and "signs citizen complaints regarding handicap parking and failure to provide access," (Am. Compl. ¶ 13.). Cottrell and Holland receive no financial compensation for their efforts.

Heritage Dairy Stores, Inc. is a corporation consisting of thirty-six convenience stores located throughout the State of New Jersey. On several occasions, Cottrell and Holland observed vehicles that were not bearing the appropriate handicapped tags parked in spaces reserved for handicapped persons, access aisles, and passenger loading zones. In particular, Cottrell and Holland allege that Heritage violated various local ordinances at its convenience stores in Clarksboro, Clayton, and Williamstown. For example, on September 14, 2006, Holland and

---

discrimination under the "Civil Rights Act of 1963," is also dismissed. The public accommodation provision of the Civil Rights Act of 1964 provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination . . . on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a (1964) (emphasis added). Because disabled persons are not a protected class under the public accommodation provision of the Civil Rights Act of 1964, Plaintiffs fail to state a claim under the Civil Rights Act of 1964.

2

Cottrell observed a Pepsi Cola delivery truck obstructing a handicap space located at the front entrance of the Heritage store in Clarksboro, (Am. Compl. ¶ 20.), and on November 6, 2006 they observed Heritage allowing a "Heating & Cooling" contractor to park in a designated handicap parking space at the same location.  Additionally, on September 16, 2008, Cottrell and Holland watched a delivery truck from Marksman Transport park on an access ramp adjacent to a parking stall reserved for handicapped persons.  On a separate occasion, Holland and Cottrell observed Heritage allow a paint contractor to park in a designated handicap spot at the Clayton store.  Finally, Cottrell and Holland allege that they watched a Pepsi Cola delivery truck park in a spot reserved for handicapped persons at the Williamstown store on December 7, 2006.

When Cottrell and Holland observed these vehicles, they took photographs of the vehicles, recorded the vehicle license plate numbers, and filed citizen complaints against the vehicle owners.  (Am. Compl. ¶ 17.)  Cottrell and Holland allege that Heritage responded by sending them a letter on April 11, 2009 advising them to refrain from entering the premises of any Heritage convenience store.  The letter also warned Holland and Cottrell that Heritage would file criminal charges against them if they continued to enter the premises of Heritage stores.

Plaintiffs brought this action on April 9, 2009, alleging retaliation under the ADA, the NJLAD, the Civil Rights Act and the New Jersey Civil Rights Act.  Defendants filed this motion to dismiss on March 18, 2010.  In their brief, Defendants adopt wholesale Judge Simandle's recent opinion in Cottrell v. Bob's Little Sport Shop, Inc., No. 09-1987, 2010 WL 936212 (D.N.J. Mar. 11, 2010).  In Cottrell v. Bob's Little Sport Shop, Inc., Judge Simandle dismissed retaliation claims under the ADA and the NJLAD that were substantially similar to the claims brought by Cottrell and Holland in this dispute for lack of Article III standing.  2010 WL 936212

3

at *4. Cottrell and Holland submitted an opposition brief, but Defendants did not submit a reply brief. The motion is now ripe for review.

## II.   STANDARD

Although styled as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, Defendants' assertion that Plaintiffs lack standing is technically an attack on this Court's subject matter jurisdiction and is properly brought pursuant to Federal Rule of Civil Procedure 12(b)(1).  See Mars Inc. v. JCM Am. Corp., No. 05-3165, 2008 WL 5401604, at *2 (D.N.J. Dec. 23, 2008) (citing Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007)).

### A.   Federal Rule of Civil Procedure 12(b)(1) Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a complaint or portions of a complaint may be dismissed for lack of subject matter jurisdiction.  Fed R. Civ. P. 12(b)(1).  A motion to dismiss for lack of subject matter jurisdiction may be brought at any time and may either (1) "attack the complaint on its face" or (2) "attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings."  Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  In the second type of 12(b)(1) motion, the court does not presume that the allegations in the plaintiff's complaint are true, and the "trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  Id.  In such a case, "the court can consider affidavits attached to the moving papers or even require such affidavits be submitted."  New Hope Books, Inc. v. Farmer, 82 F. Supp. 2d 321, 324 (D.N.J. 2000) (citing Growth Horizons, Inc. v. Delaware Cnty., Pennsylvania, 983 F.2d 1277, 1281 n.4 (3d Cir. 1993)).  Furthermore, the plaintiff has the burden of proving that the court has subject

matter jurisdiction. Mortensen, 549 F.2d at 891. If a court lacks subject matter jurisdiction, it must dismiss the case without prejudice. In re Orthopedic "Bone Screw" Prod. Liab. Litig., 132 F.3d 152, 155-56 (3d Cir. 1997).

Standing "is a threshold jurisdictional requirement, derived from the 'case or controversy' language of Article III of the Constitution." Pub. Interest Research Grp. of N.J., Inc. v. Magnesium Elektron, Inc., 123 F.3d 111, 117 (3d Cir. 1997); see Steel Co. v. Citizens for Better Env't, 523 U.S. 83, 102 (1998). The party invoking federal jurisdiction bears the burden of establishing standing "in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992); accord FOCUS v. Allegheny Cnty Court of Common Pleas, 75 F.3d 834, 838 (3d Cir. 1996).

At the pleading stage, therefore, the plaintiff must allege facts sufficient to establish his standing to invoke the court's jurisdiction. See FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990) ("[I]t is the burden of the party who seeks the exercise of jurisdiction in his favor, clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute. Thus, [plaintiffs] in this case must allege facts essential to show jurisdiction. If they fail to make the necessary allegations, they have no standing.") (internal alterations, omissions, quotations, and citations omitted); Warth v. Seldin, 422 U.S. 490, 517-18 (1975) ("The rules of standing . . . are threshold determinants of the propriety of judicial intervention. It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers."); Anjelino v. N.Y. Times Co., 200 F.3d 73, 88 (3d Cir. 2000) ("Standing is established at the

pleading stage by setting forth specific facts [satisfying the elements of standing].").

Although it is the duty of the plaintiff to "clearly and specifically set forth facts sufficient to satisfy [the] standing requirements," the level of specificity necessary to avoid dismissal for lack of standing should not be "exaggerated." Hosp. Council of W. Pa. v. City of Pittsburgh, 949 F.2d 83, 86-87 (3d Cir. 1991). At the pleading stage, the court may "presume that the general allegations in the complaint [as to standing] encompass the specific facts necessary to support those allegations." Steel Co., 523 U.S. at 104. Alternatively, however, it is "proper" and "within the trial court's power," even on a motion to dismiss, "to require the [plaintiff] to go beyond . . . general allegations in the complaint and allege particularized facts supportive of its standing." Newark Branch NAACP v. Town of Harrison, 907 F.2d 1408, 1415 & n.10 (3d Cir. 1990) (quoting Warth, 422 U.S. at 501-02).

## III.   DISCUSSION

Plaintiffs lack Article III standing because they failed to allege immediate or future harm from Defendants' decision to ban them from the premises of any Heritage store. Defendants argue that "Plaintiff fails to allege any injury that is a consequence of being banned from . . . Heritage's premises and therefore have failed to establish standing under Article III of the Constitution." (Mem. of Law in Supp. of Def. Mot. Dismissing The Pl. Compl. 3.) In support of this line of reasoning, Defendants make no specific arguments for why Plaintiff lacks standing; rather, Defendants adopt wholesale, Judge Simandle's opinion in Cottrell v. Bobs Little Sport Shop, Inc.. Plaintiffs do not refute Defendants' specific argument for why they lack Article III standing, rather they simply allege that "Plaintiff[']s complaint states an onslaught of their protected rights by the defendant revoking their status as business invitees in retaliation for their

efforts to enforce [the] ADA and LAD." (Pl.'s Opp'n to Def.'s Mot. to Dismiss 7.)

The only relief available to a plaintiff for a retaliation claim under the ADA is injunctive relief. See 42 U.S.C. §§ 12203(c), 12188; Cottrell v. Zagami, LLC, No. 08-3340, 2009 WL 1416044, at *3 n.1 (D.N.J. May 20, 2009); Cottrell, 2010 WL 936212, at *3; Rothman v. City of Chicago, No. 02 C 3533, 2004 WL 2271851, at *2 (N.D. Ill. Oct. 6, 2004) ("[A] plaintiff alleging retaliation based on public accommodation discrimination may seek only injunctive relief under the ADA."). In order to have Article III standing for a retaliation claim, a plaintiff seeking injunctive relief must "establish a real and immediate threat" that he will suffer a future injury. Brown v. Fauver, 819 F.2d 395, 400 (E.D. Pa. 1987) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983)). As the Supreme Court held in Lyons, "[injunctive relief] is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again – a 'likelihood of substantial and immediate irreparable injury.'" 461 U.S. at 111 (quoting O'Shea v. Littleton, 414 U.S. 488, 502 (1974)).

Plaintiffs fail to allege injury-in-fact because they do not allege that they have any plans to return to a Heritage store in the future, or that they will suffer any harm from Defendants' allegedly retaliatory conduct. The facts of this case are indistinguishable from Cottrell v. Bob's Little Sport Shop, Inc., where the court dismissed the plaintiff's claim for lack of standing under Article III. 2010 WL 936212 at *3. In Cottrell v. Bob's Little Sport Shop, Inc., the plaintiffs brought a retaliation claim under both the ADA and the NJLAD against a sporting goods store for the same conduct for which they brought this lawsuit against Defendants. Id. at *1. The court dismissed the claims, finding that because the plaintiffs failed to "allege[] concrete plans to

return to Bob's Little Sport Shop . . . there [was] no real and immediate threat that they [would] be prevented entry to the store or otherwise harmed by Defendants' allegedly retailatory conduct in the future." Id. (citing Zagami, 2009 WL 1416044, at *3).  Likewise, here, Plaintiffs failed to allege that they will return to Defendants' store in the future or that they will be subjected to any retaliatory conduct by Defendants.  Thus, Plaintiffs lack standing.

Therefore, absent any allegation of a real or immediate threat of future harm from Defendants' allegedly retaliatory conduct, Plaintiffs fail to allege standing to bring their claim under the ADA and the NJLAD.

IV.     CONCLUSION

For the foregoing reasons, this Court will grant Defendants' motion to dismiss Plaintiffs' retaliation claims without prejudice.  If Plaintiffs elect to file an amended complaint, they must do so within 30 days of the entry of the Order accompanying this opinion.

An accompanying order shall issue today.


Dated: 9/30/2010                                    /s/ Robert B. Kugler
                                                    ROBERT B. KUGLER
                                                    United States District Judge